25CA0442 Roach v Stout 07-30-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0442
Garfield County District Court No. 23CV30169
Honorable Denise Lynch, Judge

Michael Roach, Sr.,

Plaintiff-Appellant,

v.

Barry Stout, a/k/a Barry L. Stout,

Defendant-Appellee.

ORDER AFFIRMED

Division III
Opinion by JUDGE BERNARD*
Freyre and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 30, 2026

Peck Feigenbaum PC, Daniel J. Sullivan, Heather J. Manolakas, Basalt, Colorado, for Plaintiff-Appellant

JVAM PLLC, Lucas F. Van Arsdale, John E. Mallonee, Quentin H. Morse, Glenwood Springs, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Plaintiff, Michael Roach, Sr., whom we shall call "Mr. Roach," appeals the trial court's order denying his motion for a preliminary injunction against defendant, Barry Stout, a/k/a Barry L. Stout, whom we shall call "Mr. Stout."  We affirm.

## I.     Background

¶ 2     For the purposes of clarity, we include a map below.  It was originally an exhibit in the record, and we have made a few changes to it so it will be useful to the reader: We cropped it, we enlarged it some, and we added labels because the original wording became hard to read when we changed the exhibit's size.  We did not make any other changes.

¶ 3     The map shows several things pertinent to this appeal.

¶ 4     First, it shows the placement of Mr. Roach's property, consisting of five contiguous parcels, numbered 1 through 5, which are identified on the map as "The Lands of Michael Roach, Sr."  These parcels are colored red.  We shall refer to them cumulatively as "Mr. Roach's property."

¶ 5     Second, it shows Mr. Stout's property, which is identified on the map as "Lands of Barry L. Stout."  This land is colored light

green.  We shall refer to it as "Mr. Stout's Property."  As one can see, Mr. Stout's property is east of Mr. Roach's property.

¶ 6    Third, it shows two roads that are important to our analysis: the historical access road to Mr. Roach's property and Otten Gulch Road.



¶ 7    Before Mr. Roach bought his property, a man named David Alcott owned it.  (Mr. Alcott is one of several third-party defendants in this case; none of them are parties to this appeal.)  His family

trust purchased parcels 1, 3, and 4 from Mr. Stout in 2002, and parcel 5 from Mr. Stout in 2005. Mr. Alcott obtained parcel 2 from a third party. Mr. Alcott sold all the parcels to Mr. Roach in 2021.

¶ 8 Beginning when he bought his property in 2021, Mr. Roach has accessed it, via parcel 1, on the historical access road. In November 2023, Mr. Stout put up a barrier to prevent Mr. Roach from using the historical access road.

¶ 9 Mr. Roach and Mr. Stout disagree about whether the paperwork accompanying the sale of the five parcels — first from Mr. Stout to Mr. Alcott, and then from Mr. Alcott to Mr. Roach — included an easement allowing first Mr. Alcott and then Mr. Roach to use the historical access road.

¶ 10 After Mr. Stout blocked the historical access road, Mr. Roach filed this lawsuit against Mr. Stout. He pled declaratory judgment, quiet title, reformation of a deed, easement by estoppel, trespass, and permanent injunction claims. Almost a year later, in October 2024, Mr. Roach filed a motion for a temporary restraining order and a preliminary injunction preventing Mr. Stout from blocking his use of the historical access road. After a hearing, the trial court denied Mr. Roach's request.

## II. Standard of Review and Applicable Law

¶ 11 The decision to grant a preliminary injunction lies within a trial court's sound discretion. *Markwell v. Cooke*, 2021 CO 17, ¶ 21. We will only overturn a "court's decision on a motion for a preliminary injunction if the court made a legal error or the decision was manifestly arbitrary, unreasonable, or unfair." *Anderson v. Applewood Water Ass'n*, 2016 COA 162, ¶ 14. When reviewing a denial of a preliminary injunction, we will uphold a court's factual findings "unless they are so clearly erroneous as to find no support in the record." *Bill Barrett Corp. v. Lembke*, 2018 COA 134, ¶ 16, *aff'd on other grounds*, 2020 CO 73.

¶ 12 A court will grant a preliminary injunction only if the moving party establishes all six factors of the test set forth in *Rathke v. MacFarlane*, 648 P.2d 648, 653-54 (Colo. 1982). Those factors are (1) "a reasonable probability of success on the merits"; (2) "a danger of real, immediate, and irreparable injury which may be prevented by injunctive relief"; (3) "no plain, speedy, and adequate remedy at law"; (4) "the granting of a preliminary injunction will not disserve the public interest"; (5) "the balance of equities favors the injunction"; and (6) "the injunction will preserve the status quo

pending a trial on the merits." *Id.* But "a party seeking an injunction as a remedy for wrongful interference with an easement is not required to prove irreparable harm." *Rinker v. Colina-Lee*, 2019 COA 45, ¶ 70.

## III. Analysis

¶ 13 Mr. Roach contends the trial court made two clearly erroneous findings. Each of these erroneous findings, in turn, directly serves a legal contention arising out of Mr. Roach's request for a preliminary injunction.

¶ 14 The first clearly erroneous finding, Mr. Roach submits, was that the historical access road did not exist in 2002. That erroneous finding, Mr. Roach continues, led the trial court to the additional error of deciding he was unlikely to prevail on the merits. The trial court reasoned he was unlikely to prevail because, if the historical access road did not exist in 2002, then Mr. Stout did not convey an easement to Mr. Alcott to use it, and Mr. Alcott did not have an easement to convey to Mr. Roach.

¶ 15 According to Mr. Roach, the second clearly erroneous finding occurred when the court decided he could access his property via Otten Gulch Road. Mr. Roach concedes he can use Otten Gulch

Road to legally access parcels 2 and 5 because their deeds contain express easements allowing access over Otten Gulch Road. But, he submits, he cannot access parcels 1, 3, and 4 using Otten Gulch Road because (1) his ownership of parcels 1, 3, and 4, unlike parcels 2 and 5, is not accompanied by express easements to use Otten Gulch Road; (2) Otten Gulch Road "crosses private property"; and (3) Mr. Roach "would need an easement or permission to access" parcels 1, 3, and 4 via Otten Gulch Road. Accessing those parcels, therefore, would be "outside the scope of the easement [for parcels 2 and 5] and would be considered trespass." So, he finishes up, the court erred when it found he had access to his entire property via the Otten Gulch Road.

¶ 16    We begin our analysis of Mr. Roach's second contention — the one concerning his access to Otten Gluch Road — by recognizing Mr. Roach bore the burden of convincing the court that the balance of equities supported a preliminary injunction in his favor. *See Gitlitz v. Bellock*, 171 P.3d 1274, 1278 (Colo. App. 2007)("In considering a motion for a preliminary injunction, the trial court must find that the moving party has demonstrated . . . [the] balance of equities in favor of the injunction . . . ."). The trial court decided

6

he had not satisfied his burden, ruling Mr. Roach could "access the property by using the Otten Gulch Road"; he did not need to use the historical access road.

¶ 17    Our review of the record shows it contains evidence, *see Bill Barrett Corp.*, ¶ 16, refuting Mr. Roach's assertion about Otten Gulch Road.  As of 1995, Mr. Stout's land, including the same property he still owns and the property he later transferred to Mr. Alcott, consisted of approximately 700 acres.  (At one point between 1995 and 2001, Mr. Stout owned a total of approximately 1300 acres of contiguous land, which he restored to one large parcel and then subsequently subdivided into seven smaller ones.)

¶ 18    In 1995, in Garfield County Case No. 95CV58, which we shall refer to as "*Stout v. Daley*," Mr. Stout asked the district court to grant him access to his 700-acre parcel via a road over the property of a neighbor who is not part of this appeal.  As is relevant to our analysis, the district court declined his request because, among other things, the district court reached the legal conclusion that he had access to all his property via Otten Gulch Road.

¶ 19    "When a benefited property has been subdivided, '[e]ach separately owned parcel is entitled to make the uses privileged by

an easement or profit . . . .'" *Cielo Vista Ranch I, LLC v. Alire*, 2018 COA 160, ¶ 112 (quoting Restatement (Third) of Prop.: Servitudes § 5.7(1) (A.L.I. 2000)). So, when we combine the law from *Cielo Vista Ranch I* with the district court's decision from *Stout v. Daley* concerning Mr. Stout's ability to access his entire 700-acre parcel from Otten Gulch Road, we therefore conclude the record supports the trial court's decision that Mr. Roach can access parcels 1, 3, and 4 via Otten Gulch Road.

¶ 20 We conclude, for these reasons, the record supports the trial court's finding that Mr. Roach could use Otten Gulch Road to access all the parcels of his property and the court's related determination that the balance of the equities did not favor the entry of a preliminary injunction.

¶ 21 As a result, we will not address Mr. Roach's contention concerning the court's finding that the historical access road did not exist in 2002 and its related determination that he was unlikely to succeed on the merits of his claim. We need not address this contention because *Rathke* requires all six factors to be satisfied before a court grants a preliminary injunction. *See, e.g., Bill Barrett Corp.*, ¶ 11 (if the moving party does not establish one or more of

8

the *Rathke* factors, then injunctive relief is not available); *Bloom v. Nat'l Collegiate Athletic Ass'n*, 93 P.3d 621, 628 (Colo. App. 2004)(declining to address other *Rathke* factors when the division affirmed the district court's finding on one of them).  So, because we have concluded Mr. Roach has not satisfied one of the *Rathke* factors, we need not discuss any of the others.

¶ 22    The trial court's order is affirmed.

JUDGE FREYRE and JUDGE KUHN concur.